# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| FREDERICK ALEXANDER AVERY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:20-cv-00018 |
| JUDGE CHERYL A. BLACKBURN, et al., | ) ) ) ) | JUDGE CAMPBELL |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Frederick Alexander Avery, an inmate at the Turney Center Industrial Complex in Only, Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

However, in no event is a prisoner allowed to file a civil action IFP in this court if he has, on three or more prior occasions, brought an action in a court of the United States that was dismissed on grounds of frivolity, maliciousness, or failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has previously filed at least four actions in district court that were dismissed as frivolous or for failure to state a claim. *See Avery v. Bridges, et al.*, No. 1:99-cv-00030 (M.D. Tenn. Mar. 26, 1999); *Avery v. Cassidy, et al.*, No. 1:14-cv-01059 (W.D. Tenn. Feb. 16, 2016); *Avery v. Sexton, et al.*, No. 3:15-cv-00191 (E.D. Tenn. May 27, 2015); *Avery v. Phillips, et al.*, No. 2:16-cv-02048 (W.D. Tenn. July 16, 2019). In light of these prior dismissals, Plaintiff is a "three-striker" who may only proceed as a pauper in this action if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within the statutory exception to the "three-strikes" rule, the danger Plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, e.g., *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, a plaintiff must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the complaint. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted).

In his current complaint, Plaintiff seeks compensation for alleged harms arising from his prosecution and conviction in 2008. (Doc. No. 1 at 4–5, 7–12.) He does not allege that he is in any danger. The Court therefore finds that Section 1915(g) precludes the granting of pauper status in this case. The Sixth Circuit Court of Appeals has made the following observation with respect to prisoners who fall within the scope of § 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Accordingly, within **28 days** of the entry of this Order, Plaintiff **SHALL** remit the full filing fee of four hundred dollars ($400.00) to the Clerk of Court. Plaintiff is cautioned that, should he fail to comply with this Order within the time specified, the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE