# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| FREDERICK ALEXANDER AVERY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 1:20-cv-00018 |
| JUDGE CHERYL A. BLACKBURN, et al., | ) ) JUDGE CAMPBELL ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Frederick Alexander Avery, an inmate at the Turney Center Industrial Complex in Only, Tennessee, filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2) on April 2, 2020. By Order entered April 20, 2020 (Doc. No. 4), the Court denied Plaintiff's IFP application and required him to pay the full filing fee of $400.00 within 28 days, pursuant to 28 U.S.C. § 1915(g).

Instead, on April 28, 2020, Plaintiff filed a Notice of Appeal[1] from this Court's denial of his IFP application. (Doc. No. 6.) Plaintiff did not pay the $505.00 appellate filing fee or file an application for leave to proceed IFP on appeal.

While this Court's order denying pauper status was immediately appealable, *Lapine v. Johnson*, No. 17-2372, 2017 WL 7661478, at *1 (6th Cir. Dec. 13, 2017), Section 1915(g) provides that a prisoner may not file a civil action "or appeal a judgment in a civil action or proceeding" as a pauper if, while incarcerated, he has filed three or more actions that were dismissed as frivolous,

---

[1] Plaintiff submitted his Notice of Appeal to the Sixth Circuit Court of Appeals, which routed the Notice to this Court pursuant to Fed. R. App. P. 4(d). (Doc. No. 6-1.)

malicious, or for failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *White v. McKee*, No. 16-2066, 2017 WL 3165081, at *2 (6th Cir. July 13, 2017). As the Court has already ruled, Plaintiff is a "three-striker" who does not allege imminent danger. (*See* Doc. No. 4 at 1–2.[2]) The Court thus finds that he is not entitled to proceed as a pauper on appeal.

Accordingly, to pursue his appeal Plaintiff must, within **30 days** after being served with a copy of this Order, either pay the full $505.00 appellate filing fee into this Court or seek leave to proceed IFP on appeal directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a)(5). Plaintiff is cautioned that failure to do one or the other of these two things will likely result in dismissal of his appeal for want of prosecution, as well as assessment of the full appellate filing fee against him. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Clerk for the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court cited the dismissal of four of Plaintiff's prior federal actions for frivolity or failure to state a claim: *Avery v. Bridges, et al.*, No. 1:99-cv-00030 (M.D. Tenn. Mar. 26, 1999); *Avery v. Cassidy, et al.*, No. 1:14-cv-01059 (W.D. Tenn. Feb. 16, 2016); *Avery v. Sexton, et al.*, No. 3:15-cv-00191 (E.D. Tenn. May 27, 2015); and *Avery v. Phillips, et al.*, No. 2:16-cv-02048 (W.D. Tenn. July 16, 2019).