# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| FREDERICK ALEXANDER AVERY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:20-cv-00018 |
| JUDGE CHERYL A. BLACKBURN, et al., | ) ) ) ) | JUDGE CAMPBELL |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

State inmate Frederick Alexander Avery filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2) on April 2, 2020. By Order entered April 20, 2020 (Doc. No. 4), the Court denied Plaintiff's IFP application pursuant to 28 U.S.C. § 1915(g), required him to prepay the full filing fee of $400, and cautioned him that failure to do so would result in the dismissal of the case and assessment of the fee against him.

Rather than heed this requirement, on April 28, 2020, Plaintiff filed a Notice of Appeal from the denial of his IFP application. (Doc. No. 6.) Plaintiff did not at that time pay the $505 appellate filing fee or file in this Court an application for leave to proceed IFP on appeal. The Court determined that Section 1915(g) precluded the granting of pauper status on appeal in this case, and so issued a deficiency order cautioning Plaintiff that he must either prepay the appellate filing fee within 30 days or secure permission directly from the Sixth Circuit to proceed IFP, in order to avoid dismissal of his appeal for want of prosecution and assessment of the full appellate filing fee against him. (Doc. No. 8 at 2 (citing *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002)).)

On January 11, 2021, Plaintiff's appeal was dismissed after he failed to comply with the Sixth Circuit's instructions to pay the appellate filing fee into this Court by December 9, 2020. (Doc. Nos. 9, 10.) The case thus returned to this Court, where Plaintiff has failed in the intervening six months to pay the filing fee as required by the Court's April 20, 2020 Order.

Dismissal of this action is appropriate in view of Plaintiff's fault in failing to comply with the Court's Order despite having been warned that such failure could lead to dismissal, *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018), and pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). *See also* M.D. Tenn. L.R. 41.01(a) ("Civil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed[.]"). In view of Plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be the appropriate disposition here. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**. Both the $400 district court filing fee and the $505 appellate filing fee are hereby **ASSESSED** against Plaintiff, *see In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002), with payment to be made as follows:

The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's

preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until $905 in filing fees has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of these filing fees. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows the plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE